Geist et al. v. Kaplan, 195 Ill. App. 299.

## C. F. Geist and J. W. Geist, Trading as Geist Brothers, Defendants in Error, v. Louis Kaplan, Plaintiff in Error.

### Gen. No. 20,700.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in this court at the October term,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

1914. Affirmed. Opinion filed November 1, 1915. Rehearing denied November 15, 1915.

## Statement of the Case.

Action by C. F. Geist and J. W. Geist, trading as Geist Brothers, against Louis Kaplan, defendant, to recover $242.50 alleged to be due as rent under a lease from plaintiffs to defendant. There was a confession of judgment, under power of attorney so to do, contained in the lease for the sum of $242.50.

Defendant made a motion to be let in to defend, which motion the court denied. To reverse the judgment, defendant prosecutes this writ of error.

Defendant in his affidavit, upon which he grounds his motion to be permitted to defend, sets up that he sold his business carried on in the demised premises and assigned the lease to Osias Moskowitz, and that a clerk of the agent of plaintiffs accepted a surrender of the lease and of the demised premises and accepted Moskowitz as tenant in defendant's stead. Defendant also set up that there have been material alterations in the lease, made by some one not disclosed.

That such alteration was authorized or made by any one having authority from the landlord, nowhere appears, nor is it claimed by defendant that such surrender was by authority emanating from the plaintiffs.

Edward J. Kelley, for plaintiff in error.

Ringer, Wilhartz, Loner & Concannon, for defendants in error.

Mr. Justice Holdom delivered the opinion of the court.

## Abstract of the Decision.

1. Appeal and error, § 1380*—*when leave to defend after confession a matter of discretion.* The granting of leave to defend after

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

judgment has been confessed, under power contained in a lease, is a matter addressed to the sound discretion of the court, and unless it can be said that there has been an abuse of discretion, the court of review will not disturb the action of the trial court.

2. LANDLORD AND TENANT, § 325*—*when evidence insufficient to show alteration of lease.* In an action by a lessor against a lessee for rent, a naked charge in the affidavit of defendant that the lease was materially altered or changed after its execution, without a showing that the alteration was authorized or made by any one having authority from the landlord, is an insufficient defense.

3. LANDLORD AND TENANT, § 418*—*when lessee not released by assignment to third person.* A lessee is still liable for the rent payable under the lease notwithstanding the assignment of the lease to a third person, unless he is relieved from that liability by the landlord or some one acting under the landlord's direction.

4. ALTERATION OF INSTRUMENTS, § 24*—*when materiality question of law.* The question of the materiality of an alteration in a written instrument is one of law for the court and not of fact for the jury.